United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.W.,<br>Plaintiff,<br>v.<br>SSA COMMISSIONER,<br>Defendant. | Case No. 26-cv-01091-SVK<br>**ORDER AFFIRMING COMMISSIONER'S DECISION**<br>Re: Dkt. No. 13 |

Plaintiff appeals from the final decision of the Commissioner of Social Security, which denied her application for disability insurance benefits. The Parties have consented to the jurisdiction of a magistrate judge. Dkt. 6-7. For the reasons discussed below, the Court AFFIRMS the Commissioner's decision.

## I. BACKGROUND

Plaintiff filed applications for Supplemental Security Income on April 1, 2019 and for Disability Insurance Benefits on August 4, 2021. *See* Dkt. 8 (Administrative Record (AR)) at 546-73, 480-81. The onset date for Plaintiff's disability is listed as November 27, 2018.[1] *Id*. at 18. The claim was denied initially on December 31, 2021 (AR 208) and denied reconsideration on April 25, 2022 (AR 213). An Administrative Law Judge ("ALJ") held telephonic hearings on September 12, 2023[2], January 16, 2024, and October 31, 2024. *See* AR 39-132. Plaintiff, who was represented by an attorney at each of these hearings, testified. *See* AR 64-83, 107-28; Dkt. 1. On December 18, 2024, the ALJ denied Plaintiff's claims. AR 17-29 (the "ALJ Decision"). The

[1] Plaintiff alleged an onset of disability of February 1, 2017, but because a prior application decided on November 27, 2018 was ineligible for reopening, the ALJ modified the onset date to be the date of the prior ALJ decision. AR at 18.

[2] The table of contents of the AR lists the date of this hearing as November 12, 2023. The Court adopts the date of the transcript, September 12, 2023.

ALJ concluded that Plaintiff has the following severe impairments: "bipolar II disorder, alcohol dependence, and marijuana dependence." AR at 21. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. AR at 23-24. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember, and carry out simple tasks and can make simple work-related decisions. She can have occasional work-related interactions with coworkers and supervisors and rare work-related interaction with the general public (with "rare" defined as 5% or less of an 8-hour workday). She can tolerate only occasional changes in the work setting.

AR at 25. The ALJ determined that Plaintiff has no past relevant work for her to perform but that there are jobs that exist in significant numbers in the national economy that she can perform. AR at 27-28. Accordingly, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, since November 27, 2018. AR at 28-29.

The Appeals Counsel subsequently denied review of the ALJ Decision. AR at 1-3. Plaintiff timely filed an action in this District, seeking review of the ALJ Decision. Dkt. 1.

In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Social Security Actions, the Parties have presented the action for decision on the briefs. Dkt. 13 (Plaintiff's brief); Dkt. 14 (Commissioner's brief); Dkt. 15 (Plaintiff's reply brief); *see generally* Fed. R. Civ. P. Supp. SS Rule 5. The action is now ready for decision without oral argument.

## II. ISSUES FOR REVIEW

i. Did the administrative law judge (ALJ) reasonably discount Plaintiff's subjective symptom testimony?

ii. Are the prior administrative medical findings (PAMFs) consistent with the residual functioning capacity (RFC) finding?

## III. LEGAL STANDARDS

### a. Standard of Review

This Court is authorized to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to

United States District Court
Northern District of California

the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id*. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-103 (2019) (internal quotation marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin*., 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id.*

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id*. (internal quotation marks and citation omitted).

**b. Standard for Eligibility for Disability Benefits**

Disability benefits are available under Title II of the Social Security Act when an eligible claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Benefits under Title XVI, or Supplemental Social Security Income Benefits ("SSI"), are available to individuals who are disabled and meet certain income and asset

requirements. *See* 42 U.S.C. § 1381 *et seq.*; 20 C.F.R. §§ 416.101 *et seq.* Titles II and XVI differ in that Title II provides for disability insurance for covered wage earners, whereas eligibility for Title XVI SSI benefits is based on economic need. *Penny v. Sullivan*, 2 F.3d 953, 955 n.1 (9th Cir. 1993). However, "[t]he definition of disability is virtually identical for SSI consideration as it is for Title II disability insurance benefits." *Id.* Accordingly, the Court will analyze both claims under the statutes and regulations applicable to Title II claims. *See generally Cook v. Berryhill*, No. 17-cv-00004-RMI, 2018 WL 885515, at *2 n.1 (N.D. Cal. Feb. 14, 2018).

To determine whether a claimant is disabled, the ALJ must employ a five-step sequential analysis, determining: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments that has lasted or is expected to last for more than 12 months; (3) whether the impairment meets or equals one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity ("RFC," *i.e.*, what a claimant can still do despite her limitations), the claimant can still do her past relevant work; and (5) whether the claimant can make an adjustment to other work. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 and n.5 (9th Cir. 2014) (internal quotation marks and citations omitted). The burden of proof is on the claimant at Steps 1 through 4, but shifts to the Commissioner at Step 5. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

## IV. DISCUSSION

### a. The ALJ Reasonably Discounted Plaintiff's Subjective Symptom Testimony

#### i. Legal Standard

"An ALJ is not required to believe every allegation of disabling pain." *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021). Rather, in assessing the limiting effects of a claimant's impairments, an ALJ must determine whether the claimant's descriptions of their symptoms are consistent with medical and other evidence in the record. 20 C.F.R. § 404.1529(c). If the ALJ determines that "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged…the ALJ can reject the claimant's testimony about the severity of her symptoms only by

offering specific, clear, and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal citations omitted). If there is objective evidence of a baseline impairment, an ALJ cannot discount subjective testimony concerning severity of symptoms based solely on objective medical evidence. *Burch v. Barhart*, 400 F.3d 676, 680 (9th Cir. 2005); *see also* 20 C.F.R. § 404.1529(c) ("we will not reject your statements about the intensity and persistence of your pain or other symptoms[…]because the available objective medical evidence does not substantiate your statements"); SSR 16-3p (An ALJ "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). However, "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). When the ALJ gives clear and convincing reasons to discount a claimant's subjective complaints, the reviewing court must affirm the finding. *Rollins v. Massanari*, 261 F.3d 853, 859 (9th Cir. 2001).

**ii. Analysis**

Plaintiff challenges the ALJ's "discounting [her] symptom testimony regarding her mental impairments." Dkt. 13 at 4-8. Specifically, Plaintiff argues that the ALJ erred when he "provided only one reason (inconsistency with the objective evidence) for discounting Plaintiff's symptom testimony regarding her mental impairments." Dkt. 13 at 6. The Court disagrees for the following reasons.

First, in support of her argument, Plaintiff points to the SSA regulations cited above and *Burch v. Barhart*, 400 F.3d 676 at 680 ("In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."). However, *Burch*, where the Ninth Circuit affirmed the ALJ's determination of the plaintiff's credibility, undermines Plaintiff's argument. In *Burch*, the ALJ's analysis considered medical findings, lack of consistent treatment, failure to seek treatment or

evaluation, and the claimant's testimony regarding daily living, which suggested an individual functional enough to care for her own needs and interact with close relatives. *Id.* at 680-81. Similarly, here, in discounting Plaintiff's accounts of the severity of her disorders, the ALJ not only pointed to objective medical evidence, he also pointed to evidence that Plaintiff has not experienced significant mental health exacerbations in nearly eight years and that Plaintiff told medical health providers that she considered pursuing a job before deciding to focus on her daughter instead. AR at 26. [3]

While the ALJ did not opine on whether or not Plaintiff's medical treatments were effectively alleviating symptoms, the ALJ's reference to the length of time that has passed since Plaintiff has experienced a significant health exacerbation was properly used to discount the severity of Plaintiff's reported symptoms. AR at 26. Additionally, the ALJ properly considered the methods used to treat a disorder, including the intensity of such treatment, and found recent treatment to be mild. *See id.* (pointing to Plaintiff's use of medication and lack of hospitalizations since 2018). The Ninth Circuit has held, "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (citing *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995))). In *Smartt*, the Court found that the ALJ was allowed to discount the claimant's subjective pain testimony by pointing to evidence of conservative treatment, such as "physical therapy, temporary use of a neck brace and wheelchair, and ongoing pain medication." *Id.* Similarly, here, the ALJ properly examined Plaintiff's diagnoses and treatments before determining that treatment, or lack thereof, was inconsistent with Plaintiff's stated symptoms. Specifically, the ALJ acknowledged Plaintiff's prior history of disability, which a previous ALJ determined ceased in 2016, and Plaintiff's continued diagnosis of bipolar II disorder, cannabis use disorder, and alcohol use disorder. AR at 18, 26. He then

---

[3] According to 20 C.F.R. § 404.1529(c)(2), "Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption." The records of Plaintiff's statements to mental health professionals do not clearly fall within this category of evidence.

pointed out that Plaintiff's "bipolar disorder has been treated with [specific] medications" and that "[t]he treatment records do not describe any significant mental health exacerbations or hospitalizations during the period since November 27, 2018, and according to recent medical records, the claimant has not experienced a manic episode in over nine years." AR at 26 (pointing to various places in the record).

The ALJ also properly considered Plaintiff's past statements to mental health provisionals about her desire and ability to work. AR at 26. Specifically, during mental health evaluations in September and October of 2021, Plaintiff expressed interest in getting a call center job or receiving training to obtain another job. AR at 1399, 1415. While expressing interest in or attempting to work is not enough for an ALJ to discount subjective testimony of a claimant, *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-1039 (9th Cir. 2007) (holding that a claimant should not be punished for attempting to work), the ALJ's analysis extends beyond mere interest and halfhearted attempts at work. Instead, the ALJ reasonably concluded that Plaintiff believed herself capable of working but avoided doing so for reasons unrelated to her impairments. AR at 26. *See Bray v. Comm'r, SSA*, 554 F.3d 1219, 1227 (9th Cir. 2009) (reasoning that the claimant's job searches were inconsistent with her testimony as to disability); *see Benson v. Dudek*, No. 24-4647, 2025 WL 1404946, at *1 (9th Cir. May 15, 2025) (evidence that Plaintiff "recently applied for jobs she believe she could perform despite her impairments" was a "specific, clear, and convincing reasons supporting a finding that [Benson's] limitations were not as severe as [she] claimed."). Specifically, he pointed to a November 2021 progress note that reads, "She stated that she has not looked into starting work at the Call [center] as she has been busy with her daughter." AR at 1418. Together, the foregoing records provide sufficient evidence to support the ALJ's conclusion that Plaintiff chose not to pursue a job for reasons other than her disability. *See, e.g.*, *T.C. v. Comm'r of Soc. Sec.*, No. 25-CV-10415-SVK, 2026 WL 2033085, at *7 (N.D. Cal. July 14, 2026) ("An ALJ may also consider why a claimant left his last place of employment in assessing the credibility of a claimant's symptom testimony.") (citations omitted); *see also Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (permitting an ALJ to consider the fact that the claimant stated the "he left his job because he was laid off, rather than because he was injured.").

Even were the Court to find the ALJ relied heavily on objective medical evidence, the result would be the same. The Ninth Circuit has clarified that "what *Burch* requires is that an ALJ cannot insist on clear medical evidence to support each part of a claimant's subjective pain testimony when there is no objective testimony evincing otherwise." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). Here, the ALJ properly weighed the objective medical evidence in the record against Plaintiff's inconsistent subjective testimony. *Id*. Thus, the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's descriptions of the severity of her symptoms.

Plaintiff argues that *Brown-Hunter v. Colvin* clarifies that "general findings, and evidence recited only within a summary of the record, are insufficient," Dkt. 15, 2-3, and specifically requires that an ALJ "identify what testimony is not credible and what evidence undermines the claimant's complaints." 806 F.3d 487, 493–94 (9th Cir. 2015); *see also* Dkt. 13 at 6. However, this case is distinct from *Brown-Hunter* because the ALJ "sufficiently explained [his] reasonings for discounting [R.W.'s] symptom testimony" and the Court "can easily follow [the ALJ's] reasoning and meaningfully review those reasons." *Guthrie v. Kijakazi*, No. 21-36023, 2022 WL 15761380, at *1 (9th Cir. Oct. 28, 2022). The ALJ was not required to include in his determination a detailed analysis of the credibility of each and every statement made by Plaintiff. Specifically, the Ninth Circuit held in *Lambert v. Saul* that its "cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." 980 F.3d 1266, 1277 (9th Cir. 2020).

The Court finds that the ALJ adequately identified sufficient evidence to support his clear and convincing reasons for discounting Plaintiff's accounts of the severity of her symptom testimony. *See Smartt*, 53 F.4th at 499 ("The standard isn't whether [this Court] is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince.").

**b. The PAMFs that the ALJ Found Persuasive Are Consistent with the RFC Finding**

**i. Legal Standard**

The Ninth Circuit has found that "an ALJ's assessment of a claimant adequately captures

restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Helpfully, the Ninth Circuit has elaborated on what it means for the assessment to be "consistent with restrictions identified in medical testimony." For example, in *Larkin v. Saul*, the Ninth Circuit found the ALJ did not ignore the findings of the medical experts despite not expressly including every limitation found to exist by doctors. 819 F. App'x 535, 537 (9th Cir. 2020). The medical experts there had opined that the claimant would have "some limitations with keeping a regular workweek due to her mood and anxiety [symptoms]" before concluding that the claimant had "the ability to follow through with routine tasks with reasonable CPP [concentration, persistence, and pace]." *Id.* Ultimately, the Court found the ALJ appeared to have reasonably interpreted the doctor's statements to be related to each other, meaning that the limitation, while it existed, did not prevent the claimant from being able to work. *Id.* Specifically, the Court explained that, "[w]hile Dr. Comrie said Larkin had 'some limitation with keeping a regular workweek,' nowhere did he quantify what that limitation was—a surprising omission if he meant to say she would miss workdays." *Id.*

**ii. Analysis**

Plaintiff argues that "the ALJ failed to explain his material departure from the medical findings of State agency consultants Joshua D. Schwartz, Ph.D and M. Lin, M.D. Specifically, Plaintiff points to the consultants' opinions that Plaintiff would be moderately limited in: (1) her "ability to complete a normal workday and workweek without interruptions for psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" (AR at 166 (Schwartz), 185 (Lin)) and (2) her ability to "work in coordination with or in proximity to others without being distracted by them" (AR at 185 (Lin)). She then argues that these opinions, which the ALJ found "generally persuasive," are inconsistent with the ALJ's hypothetical and RFC findings, which "found Plaintiff capable of *inter alia* simple tasks and simple work-related decisions, occasional contact with coworkers, limited contact with the public, and only occasional work-place changes." Dkt. 13 at 9-10. However, the Court finds that this hypothetical is not inconsistent with the findings of the State agency consultants for the same

reasons stated by the Ninth Circuit in *Larkin*. *Larkin*, 819 F. App'x at 537. For example, while Dr. Lin recites the above-mentioned moderate limitations, he concludes that she has the following limitations: “simple tasks” and “occ[asional] public contact.” AR at 185-86. He further states that there is “[n]o evidence to support a material change from ALJ[4] which is adopted for simple, repetitive tasks with occ[asional] public contact.” *Id*. at 186. Dr. Schwartz came to the same conclusions. *Id*. at 166-68. In fact, Dr. Schwartz concluded that Plaintiff can adapt (AR at168) and Dr. Lin added, with respect to a lack of adaptation limitations that she “drives, takes care of her children, daughter is homeschooled and taught by her” (AR at 186). The ALJ not only accounted for these limitations but added to them when he added that Plaintiff's work be limited to requiring only “occasional work-related interactions with coworkers and supervisors” and “only occasional changes in the work setting.” AR at 25. Thus, following the Ninth Circuit's logic in *Larkin*, the Court here finds that the RFC findings are consistent with the conclusions found in the PAMFs and that they reasonably account for moderate limitations described in the PAMFs, which, as in *Larkin*, do not anticipate absenteeism from Plaintiff.

For the foregoing reasons, the Court finds that the ALJ's decision contains sufficient evidence to support the agency's factual determinations. Accordingly, the finding of non-disability by the social security commissioner is **AFFIRMED**.

**SO ORDERED.**

Dated: November 9, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

[4] “ALJ” in this context refers to the previous ALJ decision denying Plaintiff disability benefits on November 27, 2018.